# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case Number: 4:93-CR-22 |
| | § | 4:93CR47 |
| WILLIAM SAMUEL MCLEAN, JR. | § | |

## <u>MEMORANDUM OPINION & ORDER</u>

Pending before the Court are the following requests in 4:93cr22:

Defendant's Motion to Reduce Sentence (Dkt. #92);

Defendant's Supplemental Motion to 9-14-2020 (Dkt. #96);

Defendant's Motion for Leave to File (Dkt. #105);

Defendant's Emergency Motion Pursuant to Title 28 U.S.C. § 1361 (Dkt. #106).

Pending before the Court are the following requests in 4:93cr47

Defendant's Motion to Reduce Sentence (Dkt. #78);

Defendant's Supplemental Motion for Sentence Reduction (Dkt. #79);

Defendant's Supplemental Motion to 9-14-2020 (Dkt. #80);

Defendant's Motion for Leave to File (Dkt. #89);

Defendant's Emergency Motion Pursuant to Title 28 U.S.C. § 1361 (Dkt. #90).

The motions filed in each case are identical to each other.  The Government filed a joint response (Dkt. #98 in 4:93cr22 and Dkt. #82 in 4:93cr47).

The Court, having considered all relevant pleadings, and the applicable law, finds that the motions must be **DISMISSED for lack of jurisdiction**.

## ANALYSIS

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Defendant, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

**Defendant Has Not Met Section 3582(c)(1)(A)'s Exhaustion Requirement.**

Defendant's compassionate-release motion may be considered only if he first meets section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The Director of the BOP may request a sentence reduction in court at any time. *Id.* A defendant may also make such a request but only after fully exhausting remedies within the BOP or after 30 days have passed since he or she sought administrative remedies. *Id.*[1]

To initiate a compassionate release request with a prison's warden, an inmate must make a request that "at a minimum contain[s]:" (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration; (2) Proposed release plans, including where the inmate

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment. 28 C.F.R. § 571.61(a).

Defendant did submit requests to the warden in his cases and the warden denied the requests. These facts would normally mean that Defendant had exhausted his administrative remedies. However, in this case, the reason for the denial by the warden demonstrates that Defendant did not exhaust his administrative remedies.

The warden's responses indicated that Defendant did in fact meet the medical criteria for an RIS-Debilitated Medical Condition, but the requests were denied because Defendant did not have a viable release plan. Defendant was given the opportunity to appeal the denials. It appears that once Defendant submits a viable release plan, the warden/BOP will act on his requests. Therefore, the Court denies his requests without prejudice. Defendant should submit an appropriate release plan to the warden.

It is therefore **ORDERED** Defendant's Motion to Reduce Sentence (Dkt. #92); Defendant's Supplemental Motion to 9-14-2020 (Dkt. #96); Defendant's Motion for Leave to File (Dkt. #105); and Defendant's Emergency Motion Pursuant to Title 28 U.S.C. § 1361 (Dkt. #106) in 4:93cr22 are **DENIED** without prejudice.

It is further **ORDERED that** Defendant's Motion to Reduce Sentence (Dkt. #78); Defendant's Supplemental Motion for Sentence Reduction (Dkt. #79); Defendant's Supplemental Motion to 9-14-2020 (Dkt. #80); Defendant's Motion for Leave to File (Dkt. #89); and Defendant's Emergency Motion Pursuant to Title 28 U.S.C. § 1361 (Dkt. #90) in 4:93cr47 are hereby **DENIED** without prejudice.

**SIGNED this 11th day of December, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE